GANTZ TANK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1007. Promulgated April 25, 1929.

*Camden R. McAtee, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: In this proceeding, in which income and profits taxes for the calendar year 1918 in the amount of $5,126.30 are in controversy, petitioner by its original petition alleges error on the part of the respondent in the selection of the representative corporations with which petitioner was compared, pursuant to sections

327 and 328 of the Revenue Act of 1918, with the result that the respondent refused to compute petitioner's taxes under section 328 and held that the taxes computed under section 302 of said Act were not in excess of the average taxes paid by the representative corporations. The respondent denied error and specifically denied that petitioner is entitled to have its taxes determined under sections 327 and 328 of said Act.

By an amended petition petitioners alleged as a further ground of error that respondent refused to allow depreciation and exhaustion of a patent used by petitioner in its trade or business in the calendar year 1918. Respondent entered a general denial. On motion of the respondent, duly granted, the hearing on the case was limited to the issues specified in sections (a) and (b) of Rule 62 of the Board's rules of practice.

From a consideration of the evidence, all of which was taken by deposition, we are satisfied and find that the Gantz patented bolted iron tank which was acquired from Gantz without any consideration, either in cash or stock, possessed valuable advantages directly attributable to the patent and that this patent, issued July 25, 1916, had a fair market value at date of acquisition by the corporation, May 1, 1917, of $130,000. This sum should be used as the basis for computing depreciation and exhaustion. *J. M. and M. S. Browning,* 6 B. T. A. 914. Petitioner is entitled to a deduction for the year 1918 of an aliquot part of the value of the patent computed on the remaining life thereof.

Since the patent was acquired by the corporation at no cost, it is not entitled to include on account thereof any amount in its invested capital. *Herald-Despatch Co.,* 4 B. T. A. 1096. The invested capital allowed by the respondent was $34,452.57. From the evidence it appears conclusively that the patent was directly responsible for a large part of petitioner's income, which amounted to $107,832.44 in 1918 and $217,872.48 in 1919. It constituted its main competitive advantage and without it the company would, in all apparent probability, have earned much less income. The testimony on this point is clear, convincing and uncontradicted. These facts appearing, coupled with the fact that the value of the patent could not be included in invested capital, created an abnormality in petitioner's capital or income within the meaning of that term as used in section 327(d) of the Revenue Act of 1918 and entitle petitioner to have its tax computed under the provisions of section 328 of the Act. *J. M. and M. S. Browning, supra; Stephens-Adamson Mfg. Co.,* 16 B. T. A. 41.

*Further proceedings will be had under Rule 62 (c) and (d).*